IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALBERT V. CARABAJAL,**

      Plaintiff,

vs.                                                          Civ. No. 96-1784 MV/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**[1]

      Defendant.


**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

    1.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's

---

    [1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

    [2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings.  <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**<u>Administrative History</u>**

2.    Plaintiff applied for disability insurance benefits and supplemental security income benefits on April 23, 1991 alleging disability since April 1, 1991 due to a back impairment.  Tr. 29-32.  The applications were denied initially and on reconsideration and ultimately by an Administrative Law Judge (ALJ) decision dated October 15, 1992.  Tr. 36, 42 and 48-57.  Plaintiff filed a second application for SSI benefits on July 22, 1993.  The application was denied initially and on reconsideration.  Tr. 82-83.  Plaintiff requested and received a <u>de novo</u> review before an administrative law judge (ALJ).  A hearing was held before the ALJ at which Plaintiff and his representative appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 21.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 6.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**<u>Statement of the Facts</u>**

3.    Plaintiff alleges a disability since June 20, 1980, due to a back impairment.  Tr. 91.  He has a high school education.

Tr. 20-21.  Plaintiff said he last worked in 1991 as a kitchen helper.  Tr. 211.

**Issues**

4.   Plaintiff alleges that the ALJ made five errors. Specifically Plaintiff claims that: (1) the finding that Plaintiff's exertional impairment is not severe is not supported by the substantial evidence; (2) the ALJ erred when he found that Plaintiff's nonexertional impairments do not diminish his residual functional capacity; (3) the ALJ erred when he failed to obtain vocational expert testimony; (4) the consultative evaluator's report lacked a medical assessment regarding Plaintiff's mental status; and, (5) the ALJ failed to consider that Plaintiff's children received Aid to Families with Dependant Children based on his disability.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is

3

substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

     6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

     7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his

impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

    8.    Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.  These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies.  20 C.F.R. §404.1566(d).  This aids the Commissioner in determining what specific job types exist in the national economy for the claimant.  To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity.  20 C.F.R. §§404.1545, 404.1563-.1565.  These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled.  20 C.F.R. §404.1569.  The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20

C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to carry his burden in establishing that he had a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. 423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to

result in death or has lasted or can be expected to last for at least 12 months.  42 U.S.C. §416(1)(10).  The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).  The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques.  20 C.F.R. 404.1513.

    11.  Plaintiff's arguments center around his alleged mental impairment.  Under the Commissioner's regulations, a mental impairment is not severe if it does not significantly limit a claimant's:

    (2)  Capacities for seeing, hearing and speaking;

    (3)  Understanding, carrying out, and remembering simple instructions;

    (4)  Use of judgment;

    (5)  Responding approximately to supervision, co-workers and usually work situations; and

    (6)  Dealing with changes in a routine work setting.  20 C.F.R. 416.921.

In this case, the medical records simply do not support Plaintiff's allegations.

    12.  Plaintiff argues that the ALJ had a duty to further investigate Plaintiff's alleged mental impairment.  Specifically, Plaintiff argues that the ALJ should have asked Plaintiff questions

regarding his mental impairment during the administrative hearing. Plaintiff further argues that his duty was heightened because Plaintiff was not represented by counsel.  However, Plaintiff was not *pro se*.  It appears from the record that Plaintiff was being assisted in pursuing his claim by the Disability Advocacy Clinic of the Northern New Mexico Legal Services, Inc.  A representative from the Clinic appeared at the hearing with the Plaintiff.  Plaintiff's representative certainly has some expertise in the field of disability advocacy.   Tr. 172.  See Hudson v. Heckler, 755 F.2d 781, 784-5 (10th Cir. 1985).  Also, it is important to note that Plaintiff's representative did question Plaintiff about his psychiatric examination.  Tr. 219-220.

    13.  The ALJ met the heightened standard in developing the record.  The ALJ specifically asked the Plaintiff what prevents him from working.  Tr. 211.  The ALJ also specifically asked Plaintiff's representative if he had anything else to add.  Tr. 223. Certainly the Plaintiff had the opportunity to present his version of the facts.  Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987).  Further, Plaintiff did not indicate how his testimony would have been different if the ALJ had asked other questions. The ALJ fully developed the record.  See Jordan v. Heckler, 835 F.2d 1314, 1315-16 (10th Cir. 1987).

    14.  The substantial evidence supports the ALJ's decision that Plaintiff's mental impairment is not severe.  The record does not

support otherwise.  Plaintiff did not allege any mental problems in his application of benefits.  Though this is not dispositive of the issue, it is evidence supporting the ALJ's decision.  The Plaintiff did not bring to the ALJ's attention during the hearing that he thought he could not work because of any mental problems.  There were references to a possible psychological problem in the record.  Appropriately, a consultative psychiatric examination was performed.  Dr. Balcazar, a psychiatrist, and the only psychiatrist or psychologist of record, found that Plaintiff could work.  He found that Plaintiff had adequate judgment to plan a simple work sequence, could use tools and materials for simple jobs, and would not have any difficulty in his interaction with coworkers and supervisor personnel.  Tr. 142.

   15.  Plaintiff is not and has never taken any medication for any mental problem.  He has not sought treatment nor been referred to treatment for any mental problem.  Plaintiff's statements alone cannot support a finding of disability.  See Bernal v. Bowen, 851 F.2d 297, 300 (10th Cir. 1988).  There is simply no evidence in the record that any mental problems prevent Plaintiff from working.

   16.  The ALJ appropriately applied the girds to determine that Plaintiff was not disabled.  Tr. 21.  As discussed above, substantial evidence supported the ALJ's finding that Plaintiff's alleged mental impairment would not affect his capacity for light work.  Further, Dr. Davis findings supports the ALJ's finding that Plaintiff did not have pain which would reduce is capacity for

light work.  Plaintiff's pain allegations are documented in Dr. Davis' reports.  However, Dr. David concluded that Plaintiff could life 20 pounds occasionally and 10 pounds more frequently and that Plaintiff's ability to stand, walk and sit not impaired.

17. Plaintiff argues that Dr. Balcazar's report is incomplete because it does not contain a mental assessment form.  The regulations require a certain procedure for evaluation mental impairments "[W]hen there is evidence of a mental impairment that allegedly prevents a claimant from working."  <u>Cruse v. United States Department of Health & Human Services</u>, 49 F.3d 614 (10th Cir. 1995); 20 C.F.R. §404.1520a.  The medical evidence of Plaintiff's mental impairment is Dr. Balcazar's report.  Dr. Balcazar concludes that Plaintiff is able to work.  Further, the Plaintiff testified that his pain, not any alleged mental impairment, prevented him from working.  Further, Dr. Balcazar's report specifically addressed plaintiff's ability to do work-related activities.   Further, Plaintiff did not point out any reason to expect that the results would be different with a mental assessment form as part of the record.

18. Plaintiff also argues that the ALJ erred in not following Social Security Ruling 88-13.  When there are no medical findings of a physical impairment capable of producing the alleged pain, SSR 88-13 required investigation of a possible mental impairment.  The possibility of a mental impairment was investigated.  Further, as

discussed *supra*, there is no objective evidence of a mental impairment. Pursuant to SSR 88-13 alleged pain cannot be substituted for a missing medical finding to establish an impairment. The Plaintiff underwent a consultative psychiatric examination which the ALJ considered. Further, the ALJ found that he had a pain producing impairment and he ALJ specifically found that Plaintiff exaggerated the degree of pain. Tr. 20. Thus, the is substantial evidence the ALJ analyzed Plaintiff's alleged pain according to the legal standards required. He appropriately found that though Plaintiff did have pain, it was not disabling. A finding of "disability requires more than mere inability to work without pain." Brown v. Bowen, 801 F.2d 361, 362 (10th Cir. 1986).

19. The ALJ made his determination of non-disability at step five of the sequential evaluation. As discussed above, substantial evidence supports the finding that Plaintiff's nonexertional impairments do not affect his capacity to work. Vocational expert testimony is thus not required. See Heckler v. Campbell, 461 U.S. 458 (1983); Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir. 1988).

20. The ALJ has a duty to consider the finding of disability made by another agency. Baca v. Department of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993). There is no such finding in the record before this Court. Plaintiff's application states that his family was receiving AFDC benefits. Tr. 63. Plaintiff submitted no evidence that was in any way involved in the

award of AFDC benefits.  Plaintiff is not the father of three of his wife's four children.  Tr. 141.   Plaintiff has submitted no evidence indicting that the AFDC benefits were awarded as a result of a finding that he was disabled.  Pursuant to NMSA §27-2-6A(2), there are other reasons for the award of such payments.

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED    STATES    MAGISTRATE    JUDGE**